UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADRIAN WILKERSON ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:03-1223 |
| ] | Judge Echols/Knowles |
| RICKY J. BELL, WARDEN ] | |
|     Respondent. ] | |

To: Honorable Robert L. Echols, District Judge

# **R E P O R T  A N D  R E C O M M E N D A T I O N**

By an order (Docket Entry No. 24) entered July 22, 2005, the Court referred this action to the Magistrate Judge " for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 304, L.R.M.P, and to determine whether petitioner is entitled to appointment of counsel."[1]

Presently pending before the Court are respondent's Motion for Summary Judgment (Docket Entry No. 25), petitioner's Response to the Motion for Summary Judgment (Docket Entry No. 42), respondent's Statement of Undisputed Facts (Docket Entry No. 39) and the petitioner's Response to the Statement of Undisputed Facts (Docket Entry No. 43).

The undersigned has reviewed the petition, the pleadings and the record in this case and

---

[1] At the time, a motion (Docket Entry No. 23) was pending from the petitioner in which he sought the appointment of counsel. In an order (Docket Entry No. 40) entered by the undersigned, petitioner's Motion for Appointment of Counsel was denied.

1

respectfully recommends, for the reasons stated below, that the respondent's Motion for Summary Judgment be granted and that this action should be dismissed.

## I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Ricky Bell, Warden of the facility, seeking a writ of habeas corpus.

In February, 1996, a jury in Davidson County found the petitioner guilty of first degree murder, especially aggravated robbery and the theft of property worth in excess of one thousand dollars ($1000). For these crimes, he received consecutive sentences of life imprisonment, twenty five (25) years and four years, respectively.

The Tennessee Court of Criminal Appeals affirmed the convictions on appeal but modified the sentence for especially aggravated robbery from twenty five (25) years to twenty one (21) years. Docket Entry No. 14; Addendum No. 1. The Tennessee Supreme Court later denied petitioner's Rule 11 application for further review. Docket Entry No. 14; Addendum No. 2.

During the pendency of his direct appeal, the petitioner had filed a petition for federal habeas corpus relief. Wilkerson v. Myers, No. 1:96-0185 (M.D. Tenn.)(Higgins, J., presiding). That action was dismissed without prejudice for failure to exhaust state court remedies. Docket Entry No. 14; Addendum No. 3.

The petitioner then filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 14; Addendum No. 4. Following the appointment of counsel and an evidentiary hearing, the state trial judge denied the petition. Docket Entry No. 38;

2

Addendum No. 6 at pgs. 1495-97. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 14; Addendum No. 5. Once again, the Tennessee Supreme Court rejected petitioner's application for further review. Docket Entry No. 38; Addendum No. 11.

In May, 2003, the petitioner filed a *pro se* petition for state habeas corpus relief in the Criminal Court of Davidson County. That petition was summarily denied. Docket Entry No. 14; Addendum No. 9. On appeal, the intermediate appellate court affirmed the denial of habeas corpus relief, Docket Entry No. 38; Addendum No. 16, and the state Supreme Court declined further review. Docket Entry No. 38; Addendum No. 18.

## II. PROCEDURAL HISTORY

While the appeal of petitioner's state habeas corpus petition was still pending, the petitioner initiated this action with the filing of a federal habeas corpus petition (Docket Entry No. 1). In an earlier Report and Recommendation (Docket Entry No. 17), the undersigned recommended that this action be held in abeyance until such time as the petitioner's state habeas corpus proceeding had reached its final disposition. The Court adopted this recommendation and administratively closed the case (Docket Entry No. 19).

On July 8, 2005, the petitioner refiled his petition (Docket Entry No. 20) for federal habeas corpus relief. In the petition, the petitioner sets forth six claims challenging the validity of his convictions. These claims include :

       (1)    the trial court erroneously denied petitioner's motion to suppress pre-trial and in-court identification testimony;

       (2)    the trial court erroneously denied petitioner's motion to sever;

3

(3)	the petitioner was denied the effective assistance of counsel because
a) counsel failed to present the severance issue on direct appeal;
b) counsel failed to interview relevant witnesses;
c) counsel failed to conduct an adequate pre-trial investigation of the case;
d) counsel neglected to consult with the petitioner;
e) counsel failed to argue the suppression issue on direct appeal; and
f) counsel neglected to seek a jury instruction for lesser included offenses;[2]

(4)	the trial court erred by instructing the jury on parole eligibility;

(5)	the petitioner's sentences are excessive and should not have been run consecutively; and

(6)	the trial court erred when it failed to instruct the jury on lesser included offenses.

By an order (Docket Entry No. 24) entered July 22, 2005, this case was reopened and referred to the undersigned for further action. The respondent was then directed to file an answer, plead or otherwise respond to the petition (Docket Entry No. 40). Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is respondent's Motion for Summary Judgment (Docket Entry No. 25), petitioner's Response to the Motion for Summary Judgment (Docket Entry No. 42), respondent's Statement of Undisputed Facts (Docket Entry No. 39) and petitioner's Response to the Statement of Undisputed Facts (Docket Entry No. 43).

Having reviewed the petition, the pleadings that are currently pending and the record as a whole, it does not appear that an evidentiary hearing is needed in this matter. *see* Smith v. United

---

[2] At trial and on direct appeal, the petitioner was represented by the Honorable Mark Fishburn, who currently serves as a state Criminal Court Judge in Nashville.

4

States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. ANALYSIS OF THE CLAIMS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers of the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

**A.) Procedural Default**

A petition for writ of habeas corpus will not be considered unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, each of the petitioner's claims must have been fairly presented to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once the petitioner's federal claims have been presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider them. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).

According to the record, some of the petitioner's claims were never raised in the state

5

appellate courts on either direct appeal, post-conviction or during the habeas corpus proceedings. *See* Docket Entry No. 38; Addenda Nos. 2, 7 and 13. These claims include the trial court's refusal to grant petitioner's motion for a severance (Claim No. 2), counsel's failure to conduct an adequate investigation of the case (Claim No. 3c), counsel's failure to consult with the petitioner (Claim No. 3d) and counsel's failure to raise the suppression issue on direct appeal (Claim No. 3e). Moreover, two of petitioner's claims, i.e., counsel's failure to request an instruction for lesser included offenses (Claim No. 3f) and the trial court's failure to instruct the jury on lesser included offenses (Claim No. 6) were not presented to the state courts in an appropriate manner and could not be considered on the merits.[3]

To properly satisfy the exhaustion requirement, a claim must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir. 1996). In the case of these claims, the petitioner has failed to do so. At this late date, however, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a) (one year limitation period on the filing of a post-conviction petition). Thus, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply

---

[3] These claims were first raised by the petitioner in his state habeas corpus petition. The state courts determined that these types of claims were not actionable under the applicable habeas corpus statute. Docket Entry No. 38; Addendum No. 16.

6

with state rules of procedure governing the timely presentation of federal constitutional claims forfeits the right to have those claims reviewed in a habeas corpus proceeding, absent a showing of cause for non-compliance *and* some showing of prejudice arising from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982). Here, there has been no showing of cause and prejudice. Consequently, the petitioner has forfeited his right to federal review of these claims due to his unexcused procedural default.[4]

**B.) Non Cognizable Claims**

A petition for federal habeas corpus relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984). Because federal habeas corpus relief is only available to remedy errors of a federal nature, a claim that a conviction is the result of a state court's misapplication of state law is not cognizable unless the petitioner can establish that the error deprived him of a fundamentally fair trial. Lewis v. Jeffers, 497 U.S. 764, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990).

The petitioner argues that his sentences are excessive and should not have been run consecutive to one another (Claim No. 5). This claim was presented to the state courts as a question of state law and in no way suggests a violation of the Constitution or laws of the United

---

[4] In any event, a criminal defendant has no federally protected right to an instruction on lesser included offenses in a non-capital case. Bagby v. Sowders, 894 F.2d 792 (6th Cir. 1990). Thus, petitioner's claims related to lesser included offenses are not actionable.

7

States.[5] Nor has the petitioner averred that the length or manner of his sentences in any way deprived him of a fundamentally fair trial. Therefore, this claim is not actionable.

**C.) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the trial court's refusal to suppress identification testimony (Claim No. 1), ineffective assistance based upon counsel's failure to appeal the severance issue (Claim No. 3a) and failure to interview witnesses (Claim No. 3b), and an improper instruction to the jury on parole eligibility (Claim No. 4) were addressed by the state courts on the merits and are fully exhausted.

When a federal habeas corpus claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362,

---

[5] On direct appeal, the petitioner did allege a federal ex post facto component to this claim by arguing that his twenty five (25) year sentence for especially aggravated robbery was not provided for under the law in effect at the time of the offense. The ex post facto issue was resolved, however, when the Court of Criminal Appeals modified the petitioner's sentence for this crime. Docket Entry No. 14; Addendum No. 1.

8

120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after the closest examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

### 1) Refusal to Suppress Identification Testimony

On the day of his arrest, the petitioner, while in handcuffs and seated in the back of a police cruiser, was identified as one of the perpetrators by witnesses at the scene of the crime (Dorothy Seay and Estella Parker) and in the neighborhood where he was captured (Patty Fought and Bart Pangburn). Prior to trial, the petitioner sought to suppress these identifications as overly suggestive. The trial court denied the motion. The petitioner believes that the admission of these identifications infringed upon his right to a fair trial (Claim No. 1).

Although the practice of one-on-one showups is suggestive and is not favored by the courts, the determination of whether a showup is so impermissibility suggestive as to give rise to a substantial likelihood of misidentification depends upon the "totality of the circumstances". Stovall v. Deno, 388 U.S. 293, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). The admission of evidence of a showup, without more, does not violate due process. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). The central question is whether the identification was reliable, even though the confrontation procedure was suggestive. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 2249, 53 L.Ed.2d 140 (1977). The factors to be considered in evaluating the likelihood of a misidentification include (1) the opportunity of the witness to view the perpetrator at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the time of the confrontation, and (5) the length of time between the crime and the

9

confrontation. Biggers, supra at 93 S.Ct. 382.

The state courts considered the identification testimony in light of the factors enumerated in Biggers and found that the identification made by each of the witnesses was reliable. *See* Docket Entry No. 14; Addendum No. 1. There is nothing in the record to suggest that this finding is either contrary to or an unreasonable application of federal law. Therefore, this claim will not support the granting of habeas corpus relief.

### 2) Ineffective Assistance of Counsel

The petitioner next alleges that he was denied the effective assistance of counsel when his attorney failed to appeal the issue of a severance and failed to interview witnesses (Claim Nos. 3a - b). The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. An ineffective assistance claim will only succeed, however, if the petitioner can show that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

Petitioner's attorney did not include the issue of a severance in his direct appeal of the convictions, even though he had thrice moved the court to sever petitioner's trial from that of his alleged accomplice. Counsel, however, had no constitutional duty to raise every non-frivolous claim available in an appeal. Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 3314, 77 L.Ed.2d 987 (1983). The failure of counsel to raise a claim on appeal will rise to the level of ineffective assistance only "if there is a reasonable probability that inclusion of the issue would have

10

changed the result of the appeal". McFarland v. Yukins, 356 F.3d 688, 699 (6th Cir. 2004). Here, the petitioner has offered nothing that would suggest that a severance claim would have been successful on appeal. Therefore, counsel's conduct in this respect was not ineffective.

At the post-conviction evidentiary hearing, the petitioner stated that there were some prosecution witnesses who did not appear on the witness list. When asked whether counsel had an opportunity to interview these witnesses, the petitioner said "I read in the transcript. And I - - I seen where evidently he didn't." The petitioner offered no further comment as to counsel's alleged failure to interview witnesses. Docket Entry No. 14; Addendum No. 5 at pg. 1. Petitioner's attorney testified at the hearing that the prosecution would be calling a TBI lab technician for whom he had received "late notice". Counsel noted, however, that he did interview this witness before he took the witness stand. The state courts found that the petitioner had failed to show in any way that counsel had been deficient for failing to interview witnesses. This finding is supported by the record. Consequently, the petitioner was not denied the effective assistance of counsel in this respect.

### 3) Erroneous Jury Instruction

The petitioner claims that the trial judge erred when he instructed the jury as to parole eligibility (Claim No. 4). The Tennessee Court of Criminal Appeals agreed with the petitioner but determined that, given the overwhelming weight of the evidence against him, the error "was harmless beyond a reasonable doubt." Docket Entry No. 14; Addendum No. 1 at pg. 8.

For a jury instruction to support an award of habeas corpus relief, the petitioner must show more than simply that the instruction was undesirable, erroneous or universally condemned. Taken as a whole, the instruction must have been so infirm as to render the entire

trial fundamentally unfair. Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991). The petitioner has provided nothing to suggest that the jury found him guilty of the charges against him because it was instructed as to the possibility that the petitioner could eventually be eligible for parole. Thus, the jury instruction in question did not render petitioner's trial fundamentally unfair.

Having independently reviewed the record, the undersigned finds that the state court judgment with respect to petitioner's fully exhausted claims was neither contrary to clearly established federal law nor did it involve an unreasonable application of federal law in light of the evidence. The state courts applied the proper legal analyses when addressing these claims and the petitioner has offered no clear and convincing evidence to refute the findings of fact made by the state courts. 28 U.S.C. § 2254(e)(1).

## R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned has found merit in the respondent's Motion for Summary Judgment (Docket Entry No. 25). Accordingly, it is respectfully RECOMMENDED that the respondent's motion should be GRANTED. It is further RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED and that this action should be DISMISSED. Rule 8(b), Rules - - - § 2254 Cases.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

        */s/ E. Clifton Knowles*
        E. Clifton Knowles
        United States Magistrate Judge