UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
ADRIAN WILKERSON,            )
                             )
        Petitioner,          )
                             )
    v.                       )    Case No. 3:03-1223
                             )    Judge Echols
RICKY J. BELL, WARDEN,       )
                             )
        Respondent.          )
```

## MEMORANDUM

The Magistrate Judge has issued a Report and Recommendation (R & R) (Docket Entry No. 44) in this habeas corpus action recommending that Respondent's Motion for Summary Judgment (Docket Entry No. 25) be granted and this case be dismissed. Petitioner has filed Objections thereto (Docket Entry Nos. 49 and 50) as well as a Motion to Strike both the Motion for Summary Judgment and the Magistrate Judge's R & R (Docket Entry No. 46).

## I. BACKGROUND

This habeas action pursuant to 28 U.S.C. § 2254 arises from Petitioner's convictions for first degree murder, especially aggravated robbery, and theft of property in excess of $1,000 for which Petitioner received consecutive sentences of life, twenty five years, and four years. Petitioner raises numerous claims in his Section 2254 petition, some of which were found by the Magistrate Judge to have been procedurally defaulted, some of which were found to have been fully exhausted yet without merit, and others of which were found to have been non-cognizable state court claims. Petitioner seeks to strike the R & R in its entirety. He

1

also objects to numerous conclusions in the R & R. Petitioner's arguments will be considered after setting forth the appropriate standards of review.

## II. STANDARDS OF REVIEW

### A. Standards Governing Review of R & R

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). See, Fed. R. Civ. P. 72(b).

### B. Standards Governing Review of § 2254 Petitions

The Court may grant the writ of habeas corpus on a claim that was adjudicated on the merits in state court if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 405 (2000). The state court's factual findings are presumed to be correct and they can be contravened only if Petitioner can show by clear and convincing evidence that the state court's factual findings were erroneous. 28 U.S.C. § 2254(e)(1). Petitioner is entitled to an

2

evidentiary hearing if he alleges sufficient grounds for issuance of the writ, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing. Sawyer v. Hofbauer, 299 F.3d 605, 610 (6th Cir. 2002).

### III. LEGAL ANALYSIS

**A. Motion to Strike**

Petitioner requests this Court to strike both the R & R and Respondent's Motion for Summary Judgment. The basis for the request is that counsel for the Respondent did not "sign" the motion as required by Rule 11(a) of the Federal Rules of Civil Procedure which requires that all pleadings and motions "shall be signed by at least one attorney of record[.]"[1]

In this case, the Motion for Summary Judgment as filed and served closes with the following:

> Respectfully submitted,
> MICHAEL E. MOORE
> Solicitor General
>
> s/ DAVID H. FINDLEY
> Assistant Attorney General
> Criminal Justice Division
> [ADDRESS AND PHONE NUMBER]

(Docket Entry No. 25 at 2). That filing was made electronically on this Court's Electronic Filing System.

This Court's Local Rules require that all attorneys practicing in this district register as users of the Court's Electronic Filing System and file their documents by electronic means. L.R. 29(a).

---

[1] In his objections, Petitioner also advances this basis as grounds for rejecting the R & R. (Docket Entry No. 49 at 2-3).

3

Once registered, the attorneys are provided a login and password to effect the electronic filing of a document. Administrative Order 167 provides that "[u]se of the login and password issued to a Filing User to effect the electronic filing of a document shall serve as the Filing User's signature on that document for all purposes, including those of Fed.R.Civ.P. 11." Hence, Petitioner's contention that the Motion for Summary Judgment was not "signed" within the meaning of Fed.R.Civ.P. 11 must be rejected and his Motion to Strike denied.

**B. Objections to the R & R**

**1. Identification Issues**

On the day of the murder and robbery, witnesses identified the Petitioner. He asserts that inasmuch as he was in handcuffs and either standing alone or with his co-defendant at the time of the "showups,"[2] the identification by the witnesses was unconstitutional. Because this issue was presented to and decided by the state courts, this Court's review is limited to determining whether the decision was contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d).

---

[2] "A show-up differs from a line-up in several key respects. Rather than having a group of individuals generally fitting the victim's description of the assailant line up together for identification purposes, a single individual fitting the description is presented to the victim for identification." United States v. Hefferon, 314 F.3d 211, 217 (5th Cir. 2002).

4

Suggestive show-ups do not automatically violate a defendant's due process rights. Instead, the Supreme Court in <u>Neil v. Biggers</u>, 409 U.S. 188, 193 (1972) indicated that suggestive identification procedures do not violate due process if, on balance, the relative reliability of the show-up guards against the likelihood of misidentification. The Supreme Court then went on to instruct that in applying this test, a court should consider the opportunity of the witness to view the assailant at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the assailant, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. <u>Id</u>.

In this case, the Tennessee Court of Criminal Appeals properly recognized that <u>Biggers</u> provided the framework for analysis. <u>State v. Wilkerson</u>, 1998 WL 538551 at 7 (Tenn. Ct. App. 1998). That court then applied the factors identified in <u>Biggers</u> and concluded that the show-ups, though perhaps suggestive, were not unconstitutional since prior to the identification the witnesses had an opportunity to view Petitioner and had clearly focused their attention on his and his co-defendant's actions, the witnesses provided descriptions (albeit not detailed descriptions) of the suspects and the identifications were made shortly after the witnesses' original observation of the Petitioner and his co-defendant. <u>Id</u>.

The Tennessee Court of Criminal Appeal's conclusion regarding the show-ups was neither contrary to clearly established federal

5

law nor an unreasonable application of federal law in light of the evidence. Accordingly, Petitioner's objection to the Magistrate Judge's conclusion that habeas relief is not warranted on Petitioner's identification claim must fail.

**2. Severance Issue**

Petitioner contends his counsel was ineffective in failing to appeal the trial court's ruling that his trial would not be severed from that of his co-defendant. Petitioner submits this was constitutional error because his co-defendant "acted up" and refused to dress in civilian clothes for the trial.

The Magistrate Judge correctly analyzed this claim by noting that counsel has no constitutional duty to raise every non-frivolous claim available in an appeal and that "[t]he failure of counsel to raise a claim on appeal will rise to the level of ineffective assistance only 'if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. McFarland v. Yukins, 356 F.3d 688, 699 (6th Cir. 2004).'" (Docket Entry No. 44 at 11). Since Petitioner offered nothing which would suggest that a severance claim would have been successful on appeal, he was not entitled to habeas relief. (Id. at 11).

In his objection, Petitioner asserts that his "co-defendant refused to dress in civilian clothes, whereby meaning he attended his trial in prison clothes, whereby suggesting that Petitioner was guilty of the offenses he stood trial on[.]" (Docket Entry No. 50 at 5-6). Were this in fact the case, it would be problematic since

6

it is fundamentally unfair to require a defendant to stand trial in identifiable prison clothing. Estelle v. Williams, 425 U.S. 501, 504 (1976).

However, the record belies Petitioner's suggestion that the trial took place with him dressed in civilian clothes while his co-defendant sat next to him in a jail uniform. As pointed out by the Tennessee Court of Criminal Appeals, the record reflects that Murphy, the co-defendant, "refused to enter the courtroom during trial" and "remained in a room near the courtroom throughout the trial." Wilkerson v. State, 2002 WL 1558521 at * 2 (Tenn. Ct. App. 2002). Petitioner stated as much in the evidentiary hearing before the state court on his petition for post conviction relief:

> Q. . . . Mr. Murphy didn't testify either, did he?
> A. Mr. Murphy wasn't even in the courtroom during the trial, period, sir.
> Q. So, basically, what the Jury saw – you were in the courtroom, weren't you?
> A. I was the only man here looking guilty. All of the weight of the burden was on me, sir. I was the only – the only person in the crime – I mean in the courtroom for the jury to look at.

(Addenda Vol. 5 at 1445).

Given the record, the Court is unable to find that counsel was constitutionally infirm in failing to appeal the trial court's refusal to sever Petitioner's case from that of his co-defendant. This objection is overruled.

### 3. Jury Instructions

Petitioner asserts two claims of error relating to jury instructions. He first asserts the trial court committed plain constitutional error by instructing the jury about his parole

7

eligibility. He also asserts error in the trial court's failure to give a lesser included offense instruction.

The state appeals court determined that the instruction relating to parole eligibility was given in error but that the error was harmless, writing:

> The primary issue for the jury was identity, not the degree of homicide. The state presented a strong case which consisted of numerous eyewitnesses who testified confidently and consistently as to what each had observed. The state presented numerous items of physical evidence, including palm prints, clothing, and photographs of the stolen vehicle. The proof included the murder weapon, which contained three spent casings, bullet fragments from the victim's car that were conclusively fired from the murder weapon, and the proceeds of the robbery still contained in locked . . . bank bags. The defendants presented no proof. In our view, this was not a case in which the jury may have imposed a guilty verdict for felony murder in order to ensure the defendants served a greater sentence. Thus, the instruction was harmless beyond a reasonable doubt.

Wilkerson, 1998 WL 538551 at * 11. The issue of failure to instruct on lesser included offenses was not raised until Petitioner filed a state habeas corpus petition and the claim was found to be incognizable in such proceedings under state law. (Addendum 17).

With respect to the instruction relating to parole eligibility, the Magistrate Judge concluded there was no showing of fundamental unfairness since there was nothing suggesting that the jury found Petitioner guilty because it had been instructed that the Petitioner could eventually be eligible for parole. As for the failure to include a lesser included offense instruction, the Magistrate Judge found that because Petitioner failed to timely

8

present this claim to the state court the claim was not reviewable given that Petitioner could show no cause or prejudice. The Magistrate Judge properly analyzed the jury instruction claims under 28 U.S.C. § 2254.

Improper jury instructions in state criminal trials do not generally form the basis for federal habeas relief since the inquiry is not whether there was prejudice to the petitioner, or whether state law was violated, but whether there was prejudice of constitutional magnitude. Estelle v. McGuire, 502 U.S. 62, 71-72 (1991). Hence the relevant inquiry is whether the giving of an instruction "so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). If the error is harmless, habeas corpus relief is not warranted. Brecht v. Abrahamson, 507 U.S. 619, 623-24, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

In this case, the Court cannot conclude that the state court incorrectly applied federal law in concluding that instructing the jury on parole eligibility was harmless error in light of the substantial evidence presented at trial. Accordingly, this objection is overruled.

Petitioner's objection to the Magistrate Judge's conclusion that Petitioner failed to exhaust his claim involving failure of the trial court to give an instruction on lesser included offenses and did not show cause and prejudice for the same is also overruled. A state prisoner must exhaust available state remedies before seeking federal habeas relief, 28 U.S.C. § 2254(b), so that

9

the state is afforded the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citations omitted). If an unexhausted claim is procedurally defaulted, a petitioner is entitled to federal habeas review only if he demonstrates cause and prejudice for the failure, or that a miscarriage of justice will result from the lack of review. Id.

Petitioner wholly fails to make any such showing in this case on his claim regarding the failure to instruct on lesser included offenses. Moreover, the Due Process Clause of the Fourteenth Amendment does not require the giving of lesser included offense instructions in a non-capital case since the failure to give such an instruction is not "such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure[.]" Bagby v. Sowders, 894 F.2d 792, 796 (6th Cir. 1990).[3]

### 4. Witness Interviews

Petitioner next objects to the Magistrate Judge's conclusion that counsel was not ineffective due to counsel's failure to interview certain witnesses. The precise basis for the objection does not appear in Petitioner's Objections. He states only that counsel's failure to "interview witnesses as he should have in

---

[3]Similarly, Petitioner's related claim that counsel was ineffective in failing to request the charge under Strickland v. Washington, 466 U.S. 668 (1984) must be rejected because he cannot show prejudice – that is "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

10

order to prepare a proper defense for the Petitioner, is ineffective assistance of counsel." (Docket Entry No. 50 at 8).

There is no error in the Magistrate Judge's conclusion. The only evidence in the state court record was Petitioner's unadorned assertion that he had read his trial transcript and "evidently" his counsel did not interview witnesses versus counsel's testimony that he had interviewed the witnesses. The state court's finding is wholly supported by the record and as such, Petitioner's objection to the Magistrate Judge's conclusion on this issue is overruled.

### 5. Consecutive Sentences

Petitioner asserts his Due Process rights were denied when he was sentenced to consecutive terms because the crimes for which he was convicted "all occurred at approximately the same time on the same day." (Docket Entry No. 50 at 7). He thus objects to the Magistrate Judge's conclusion to the contrary.

Petitioner was convicted of three separate crimes - murder, aggravated robbery, and theft. The Constitution does not require that the state punish separate crimes as if only one crime had been committed merely because the crimes occurred almost simultaneously. See, Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)("Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense"). This objection is overruled.

11

**6. Exhaustion**

Finally, Petitioner generally objects to the Magistrate Judge's conclusion that two of the claims presented in his present habeas petition were not presented to the state courts in a timely fashion. Petitioner offers no argument to support this contention and it is belied by the record before the Court.

Upon review of the record, this Court agrees with the Magistrate Judge that Petitioner's claims relating to the giving of an instruction about parole eligibility and the failure to give a lesser included offense instruction were not presented to the state courts in an appropriate manner since they were first raised in the state habeas proceeding. Accordingly, this objection is overruled.

## IV. CONCLUSION

On the basis of the foregoing, the Report and Recommendation of the Magistrate Judge (Docket Entry No. 44) will be accepted and Petitioner's Objections thereto (Docket Entry Nos. 49 & 50) will be overruled. Petitioner's Motion to Strike (Docket Entry No. 46) will be denied. Respondent's Motion for Summary Judgment (Docket Entry No. 25) will be granted and this case will be dismissed.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE